## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Schnedl

v.

O'Donnell

Case No. (Law) 7545

By JUDGE ALBERT H. GRENADIER

August 12, 1983

The Court having reviewed the requests for admissions and the responses made thereto by the defendant is of the opinion that the defendant has adequately responded to said requests.

Although Rule 4:11 of the Rules of Court requires a party to secure readily obtainable information, the Court is not persuaded that the rule contemplates the use of the kind of requests made by the plaintiff in this case.

The first four admissions sought are unnecessary and of dubious relevance. The matters raised in these requests will undoubtedly be the subject of testimony at the trial and an admission of these matters will result in no trial economy.

The remaining requests are improper. Although the defendant may be called upon to admit the genuineness of hospital and medical records, it is not reasonable to require the defendant to admit to the veracity of the many diagnoses, reports and statements contained in those records. The mere existence of those records

does not require a litigant to admit the absolute truth of their content.

Accordingly, the plaintiff's motion to determine the sufficiency of the defendant's responses and to require the defendant to admit the requests for admissions is denied.

By JUDGE WILEY R. WRIGHT, JR.

November 22, 1983

The defendant contends that the plaintiff's claim for personal injuries sustained in an automobile accident which occurred on August 29, 1978, is barred by the two-year statute of limitations set forth in Code Section 8.01-243(A). This suit was not filed until June 28, 1982; however, the plaintiff contends that the statute of limitations was tolled by Code Section 8.01-229 because he was of unsound mind until sometime after June 28, 1980.

Code Section 8.01-229(A)(2)(b) defines unsound mind as follows:

> For the purposes of items 1 and 2 of this subsection, a person shall be deemed of unsound mind if he is adjudged insane by a court of competent jurisdiction to be mentally incapable of rationally conducting his own affairs, or if it shall otherwise appear to the court or jury determining the issue that such person is or was so mentally incapable of rationally conducting his own affairs within the prescribed limitation period.

The plaintiff has not been adjudged insane by a court of competent jurisdiction, and the issue is whether he "was so mentally incapable of rationally conducting his own affairs within the prescribed limitation period."

The evidence establishes that the plaintiff sustained a severe head injury and that he was of unsound mind within the meaning of the statute for a considerable period of time following the accident. The Court is not satisfied, however, that the plain-

tiff's disability continued until June 28, 1980. Accordingly, the plea of the statute of limitations will be sustained and the motion for judgment will be dismissed.